CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
September 30, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BENJAMIN ARELLANO FELIX, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7:24-cv-00321 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN, USP LEE, | ) | By:  Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Respondent. | ) | |

Petitioner Benjamin Arellano Felix, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, while housed at the United States Penitentiary in Lee County, Virginia ("USP Lee"). Felix seeks credit toward his federal sentence for time spent in Mexican custody prior to his extradition to the United States. (*See* ECF No. 1.) Respondent Warden of USP Lee has moved for summary judgment on Plaintiff's claim. (*See* Respondent's Mot. for Summ. J. [ECF No. 8].) For the following reasons, the court will grant Respondent's motion.

I.

In 1998, Felix was indicted in the U.S. District Court for Southern California for conspiring to import cocaine and marijuana into the United States and for distributing approximately 240 kilograms of cocaine. (*See* ECF No. 7, in *United States v. Benjamin Arellano-Felix*, Case No. 3:97-cr-2520 (S.D. Cal.).) On November 16, 1999, the grand jury returned a superseding indictment and the court issued a warrant for Felix's arrest. (*See* ECF No. 11, in *United States v. Benjamin Arellano-Felix*, Case No. 3:97-cr-2520 (S.D. Cal.).) The warrant was

returned unexecuted. (*See* ECF No. 18, in *United States v. Benjamin Arellano-Felix*, Case No. 3:97-cr-2520 (S.D. Cal.).)

On March 9, 2002, Felix was arrested by Mexican authorities in Puebla, Mexico, on charges of illegally possessing firearms and conspiring to export cocaine and marijuana. (*See* Respondent's Mot. for Summ. J. 2 n.1.) On April 27, 2007, he was sentenced to 5 years' imprisonment for illegal possession of firearms, and on September 2, 2007, he was sentenced to 22 years for conspiracy to export cocaine and marijuana. (*See id.*) Felix was in Mexican custody until April 29, 2011, when Mexico extradited him to the United States. (*See* Respondent's Ex. 1, Attach. B [ECF No. 9-3].) Throughout the duration of his Mexican incarceration, Felix was being detained in connection with his sentence on his Mexican offenses; he was never in custody based only on the United States's extradition request. (Respondent's Ex. 1, Attach. A [ECF No. 9-2].)

In 2012, Felix pleaded guilty to and was subsequently convicted of one count of racketeering and one count of conspiracy to launder money instruments in his Southern District of California case. (*See* ECF No. 598, in *United States v. Benjamin Arellano-Felix*, Case No. 3:97-cr-2520 (S.D. Cal.).) He was sentenced to 20 years on his racketeering count and 5 years on his conspiracy count, to run consecutively. (*See id.*) At his sentencing hearing, Felix's attorney raised the issue of credit for time spent in custody before his sentencing hearing. (ECF No. 730, at , in *United States v. Benjamin Arellano-Felix*, Case No. 3:97-cr-2520 (S.D. Cal.).) The sentencing judge stated that the decision would be up the Bureau of Prisons ("BOP") to calculate any credit but that it would be the court's intention that Felix "ge[t] credit from the date he first arrived" in the custody of the United States. (*Id.* at 3:34–4:5.) Felix's attorney

urged that Felix should be credited for time spent in Mexican custody prior to extradition, but the court rejected that argument, explaining that Felix's United States convictions included violent acts, such as murder and kidnapping, which were not part of his Mexican offenses. (*Id.* at 22:18–24:2, 24:20–22, 26:5–14.)

The BOP ultimately computed Felix's sentence in a way that gave him credit for the time spent in custody between his extradition date, April 11, 2011, and the date of his sentencing, April 1, 2012. (*See* Respondent's Ex. 1, Attach. C [ECF No. 9-4].)

## II.

Summary judgment under Rule 56 "allows a case to be resolved before and without a trial when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law." *Duke Energy Carolinas, LLC v. NTE Carolinas II, LLC*, 111 F.4th 337, 352 (4th Cir. 2024) (citing Fed. R. Civ. P. 56(a)). "The court's role in ruling on such a motion is not to assess the truth of any fact alleged or to weigh facts, as would a jury in finding facts, but only to determine whether facts are disputed *and* whether the disputed facts are material." *Id.* (citations omitted).

In deciding a motion for summary judgment, "the court construes all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Tekmen v. Reliance Standard Life Ins. Co.*, 55 F.4th 951, 958 (4th Cir. 2022). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). And "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt

that version of the facts for purposes of ruling on a motion for summary judgment." *Smith v. Ozmint*, 578 F.3d 246, 254 (4th Cir. 2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is inappropriate if there are genuine disputes of material fact and "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *id.*, but is appropriate "when the evidence is so one-sided that one party must prevail as a matter of law." *Tekmen*, 55 F.4th at 959.

### III.

Respondent argues for summary judgment on the grounds that (a) Felix failed to exhaust administrative remedies before filing his petition and (b) Felix is not entitled to any additional prior-custody credit. The court agrees that, even if he had exhausted, Plaintiff is not entitled to any additional credit and will therefore grant summary judgment in Respondent's favor.

The Federal Bureau of Prisons is responsible for computing federal sentences. *United States v. Wilson*, 503 U.S. 329, 334–37 (1992). But a federal inmate can seek judicial review of the computation of his sentence, including credit for jail time served before sentencing, by filing a petition under 28 U.S.C. § 2241. *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989); *Avalos v. Hudgins*, No. 3:20-CV-188, 2021 WL 1175438, at *2 (N.D.W. Va. Mar. 29, 2021), *aff'd*, No. 21-6857, 2022 WL 1198006 (4th Cir. Apr. 22, 2022), and *aff'd*, No. 21-6857, 2022 WL 1198006 (4th Cir. Apr. 22, 2022) ("While a district court has no authority to give credit for

time served, . . . [t]he Court may review the petitioner's challenge to the BOP's computation of sentence under § 2241 and, if warranted, make recommendations to the BOP.").

"A sentence of a term of imprisonment commences on the date the defendant is received into custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Nevertheless, a federal criminal defendant is entitled to credit "for any time he has spent in official detention prior to the date the sentence commences" so long as that time has not already "been credited against another sentence." 18 U.S.C. § 3585(b). In enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337.

Here, it is undisputed that the time Felix spent in Mexican custody was credited toward his Mexican sentences. Accordingly, that time cannot also be credited toward his U.S. sentences. Respondent is therefore entitled to judgment as a matter of law on this issue.

## IV.

For the reasons stated above, the court will grant Respondent's motion (ECF No. 8) and enter summary judgment in Respondent's favor.

The clerk is directed send copies of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 30th day of September, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE